## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GEORGE R. SCHWARTZ, M.D.,

    Plaintiff,

vs.                                                                                                          No. 10-CV-00095 MCA/RLP

GURU TERATH SINGH KHALSA,
PAUL KOVNAT, M.D., STEVEN
WEINER, M..D, and JOHN DOES 1-10,

    Defendants.

## **ORDER**

      This matter is before the Court upon Plaintiff's *Motion to Reconsider Judicial Order Filed on June 24, 2010 Based on New Information*. [Doc. 23] Plaintiff seeks reconsideration of the Court's June 24, 2010 Order [Doc. 20] by which the Court *sua sponte* struck Plaintiff's Third Amended Complaint [Doc. 8] and quashed service of any process issued upon the Third Amended Complaint. In support of his Motion, Plaintiff avers that he attempted to file a motion for leave to file his Third Amended Complaint, but that the motion was rejected by the Court Clerk. Plaintiff has filed his motion to amend as a supplement to the present Motion. [Doc. 25] The Court has considered Plaintiff's Motion and Supplement, Defendants Khalsa, Kovnat, and Wiener's Response [Doc. 26] and Plaintiff's Reply, [Doc. 29] and the relevant law, and is now otherwise fully advised. The Court concludes that Plaintiff's Motion is not well-taken and should be denied.

      By comparison with Plaintiff's First Amended Complaint, Plaintiff's Third Amended Complaint dramatically expands the number of defendants and the geographical range of

Case 6:10-cv-00095-MCA-KBM   Document 32   Filed 02/04/11   Page 2 of 5

Plaintiff's claims. The Third Amended Complaint adds, *inter alia*, the Governors and members of the medical boards of California, New Jersey, New York, and Pennsylvania. Plaintiff's claims against these out-of-state defendants are based on allegations that the out-of-state defendants are part of a inter-state conspiracy initiated by certain New Mexico defendants.

Fed. Civ. P. Rule 15(b) provides that "[t]he court should freely give leave [to amend] when justice so requires." "The district court is not required to grant leave to amend, however, if amendment would be futile. 'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

This Court concludes that the Third Amended Complaint fails to state a plausible claim that the out-of-state defendants conspired with the New Mexico defendants to deprive Plaintiff of his medical licenses. To establish a civil conspiracy under New Mexico law, "there must be a common design or a mutually implied understanding; *an agreement*." *Morris v. Dodge Country, Inc.*, 85 N.M. 491, 492 (Ct. App. 1973) (emphasis added). Under federal law, Plaintiff likewise must establish "the combination of two or more persons acting in concert," "a meeting of the minds *or agreement* among the defendants." *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230-31 (10th Cir. 1990) (emphasis added).

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Twombly*, our United States Supreme Court invalidated the longstanding rule that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court explained

2

that "after puzzling the profession for 50 years, this famous observation has earned its retirement." *Twombly*, 550 U.S. at. 563.  Plaintiff's Third Amended Complaint alleges that the New Mexico Medical Board  ("NMMB) "did not admit to the other State Boards of Medicine that they had been reversed," [Third Amended Complaint, ¶ 9] that "[o]ther States took reciprocal action based on what was sent to them from New Mexico 'Certified' with the official stamp," [Third Amended Complaint, ¶ 10] that "[t]he set aside, annulled [sic] findings were sent to the medical boards in all States in which dr. Schwartz held licensure being 'certified' and carrying the official stamp of the State of New Mexico verifying the reliability of the findings, [Third Amended Complaint, ¶ 24] that the NMMB "did not advise these other state Boards that the hearing had been reversed," [Third Amended Complaint, ¶ 27] that the NMMB "refused to advise the recipients officially that the matter had been reversed, [and] the findings set aside," [Third Amended Complaint, ¶ 29] that the NMMB 'intended to deceive all recipients of the set aside findings, which included . . .the other Medical Boards, [Third Amended Complaint, ¶ 30] and that "[e]ach other medical board or its equivalent was advised of the reversal [by Plaintiff], but not having the 'official' word from New Mexico, they proceeded with actions to strip medical licenses from [Plaintiff] . . . with no reason save for the New Mexico action which had been reversed." [Third Amended Complaint at 12]   The Court notes that under the laws of California, West's Ann. Cal. Bus. & Prof. Code § 2305; New Jersey, N.J.S.A. 45:9-19.16a;  New York, N.Y. Pub. Health Law § 230(12)(d) (McKinney); and Pennsylvania, 63 Pa. Stat. Ann. § 422.41(4), the NMMB's revocation of a medical license provided grounds for parallel disciplinary action by the respective state board.  In view of these  provisions coupled with Plaintiff's allegations that the NMMB provided the out-of-state medical boards with a certified copy of the NMMB's findings or misconduct and order of revocation and thereafter did not

officially advise the out-of-state board of the judicial vacation of the NMMB's order of revocation, Plaintiff's conclusory allegations of conspiracy do not raise a plausible inference that the parallel actions of the medical licensing boards of California, New Jersey, New York and Pennsylvania were the result of an agreement between the out-of-state defendants and the New Mexico defendants to deprive Plaintiff of his licenses to practice medicine.  Here, the well-pleaded allegations of parallel conduct by the out-of-state medical boards is not only compatible with, but indeed is more likely explained as, the independent action of each medical board acting in accordance with the law of its respective jurisdiction in response to the findings and order of the NMMB revoking Plaintiff's New Mexico license.  *See Burch v. Milberg Factors, Inc.*, Civil Action No. 07-556-JJF-LPS, 2009 WL 1529861 *2 (D. Del. May 31, 2009) (discussing and applying *Twombly* and *Iqbal*; rejecting plaintiff's argument that the magistrate judge imposed a probability, rather than a plausibility, standard for pleading conspiracy).

The Court further concludes that Plaintiff's Third Amended Complaint fails to assert viable federal civil rights claims against New Mexico Governor Bill Richardson.  Plaintiff's assumption that Governor Richardson can be held liable under the doctrine of respondeat superior is mistaken: "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.  Personal involvement can be shown though allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarparciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988) (citations omitted).   Plaintiff alleges that "[t]o what extent the governor knows of the nefarious, conspiratorial, fraudulent and criminal conspiracy against [Plaintiff] can only be resolved through discovery."   Pure speculation about Governor

Richardson's role obviously does not satisfy Plaintiff's burden of alleging facts making out a plausible case that Governor Richardson knew of and acquiesced in a conspiracy to deprive Plaintiff of his medical licenses. The liberal pleading standard under the federal rules "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v Iqbal*, __U.S.__ , 129 S. Ct. 1937, 1950 (2009).

The Court will not address every deficiency apparent on the face of the Third Amended Complaint. The deficiencies noted above provide sufficient justification by themselves for denying Plaintiff leave to file his Third Amended Complaint. The Court therefore will deny Plaintiff's Motion for Reconsideration, and this case will proceed under the First Amended Complaint in accordance with the Court's June 24, 2010 Order.

The Court recognizes Plaintiff's right to file amended pleadings. But in order to obtain leave from the Court to file amended pleadings, the proposed amended pleadings must allege claims that satisfy the plausibility standard of *Twombly* and *Iqbal*. Further, the Court directs Plaintiff's attention to Fed. R. Civ. P. 11(b)(2). By signing and filing a pleading, Plaintiff is representing to the Court that the claims asserted therein "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

WHEREFORE, IT IS HEREBY ORDERED that Plaintiff's *Motion to Reconsider Judicial Order Filed on June 24, 2010 Based on New Information* [Doc. 23] is **denied**.

SO ORDERED this 4th day of February, 2011

                                      M. CHRISTINA ARMIJO
                                      UNITED STATES DISTRICT JUDGE