UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE R. SCHWARTZ, M.D.,

      Plaintiff,

vs.                                                           No. 10-CV-00095 MCA/RLP

GURU TERATH SINGH KHALSA,
PAUL KOVNAT, M.D., STEVEN
WEINER, M..D, and JOHN DOES 1-10,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court upon Defendants' Motion to Dismiss First Amended Complaint. [Doc. 24]  The Court has considered the First Amended Complaint [Doc. 6], the pending Motion,  Plaintiff's Response [Doc. 28] and the applicable law, and is otherwise fully advised.

**BACKGROUND**

      Plaintiff, George Schwartz, M.D., is a physician formerly licensed to practice medicine by the New Mexico Medical Board ("NMMB").  Defendants Paul Kovnat, M.D. and Steven Weiner, M.D. were at all times material to this case members of the NMMB;  Defendant G.T.S. Khalsa is an attorney, who at all times material to this case served as the NMMB's administrative prosecutor.

      Dr. Schwartz appears to have had a long and  distinguished medical career.  However, in 2006, he was the subject of a disciplinary action brought by the NMMB.  After a hearing, the

1

NMMB voted to revoke Dr. Schwartz's license to practice medicine in New Mexico. He appealed the decision revoking his license. On appeal to state district court, the state court reversed the decision revoking his license, finding that the denial of a continuance requested by Dr. Schwartz "resulted in denying [Dr. Schwartz] the right to be represented by counsel, rendering the hearing structurally defective and tantamount to a denial of due process." [Doc. 6-1 at 2-3] The state court remanded the matter to the NMMB for a new hearing.

On remand, Dr. Schwartz (now represented by counsel) and the NMMB entered into an agreement by which the disciplinary proceeding would be dismissed with prejudice, and in return, he would surrender his New Mexico license, not reapply for a New Mexico license, and forgo the practice of medicine anywhere in the United States. [Doc. 24, Exhibit A]

In his First Amended Complaint ("FAC"), Plaintiff alleges that Defendants have proceeded as if the decision revoking his license had not been set aside by the state court, disseminating certified copies of the reversed decision to third parties, including the medical boards of other states in which he was licensed to practice medicine. Plaintiff alleges that based on the reversed decision, the medical boards of the other states in which he was licensed--California, New Jersey, New York, and Pennsylvania--engaged in reciprocal disciplinary action, revoking his license to practice medicine in each of these states. He alleges that his professional reputation has been damaged such that he no longer is employable as an expert witness.

Plaintiff here is proceeding *pro se*. This Court is cognizant of the principle that, while a court must construe *pro se* litigants' pleadings liberally, holding them to a less stringent standard than formal pleadings drafted by lawyers, it must not assume the role of advocate for the *pro se* litigants.

**DISCUSSION**

    **1.    Legal Standards Applicable to a Motion to Dismiss**

Under Fed. R. Civ.P. 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." The sufficiency of a complaint is a question of law, and when considering and addressing a motion to dismiss pursuant to rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006). Further, in order to withstand a rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal citation omitted) (Iqbal). If a plaintiff cannot nudge the claims "across the line from conceivable to plausible," the complaint must be dismissed. Id. at 570.

In handing down Twombly, the United States Supreme Court invalidated the longstanding rule that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Conley standard has proved problematic over the years because it suggests that "a wholly conclusory statement of claim would survive a motion to dismiss whenever

the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 561 *quoting* Conley, 355 U.S. at 45-46.  As a result, defendants may be forced to bear the burden and expense of discovery before they are afforded a real opportunity to seek the dismissal of groundless claims, while plaintiffs may use the burdensome discovery process as leverage to induce otherwise unjustified settlement of such groundless claims.  See Twombly, 550 U.S. at 557-59.

A complaint is now subject to dismissal under the new standard if it does not "possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 *quoting* Fed. R. Civ. P. 8(a)2). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  Ridge at Red Hask, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

Two "working principles" underlie the Twombly standard. Iqbal, 129 S.Ct. at 1949.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

4

Id. at 1949-50 (internal citations omitted). Thus, in order to evaluate a motion to dismiss, the Court engages in a two-part inquiry by initially identifying those allegations that are nothing more than legal conclusions and therefore "not entitled to the assumption of truth" and then considering whether the factual allegations "plausibly suggest an entitlement to relief." Id. at 1951.

### 2. State law claims

The First Amended Complaint includes state law claims for fraud; conspiracy; and tortious interference with business contract, business relations and business expectancy. [Doc. 6 at 4-6]  At the same time the pleading appears to acknowledge that Dr. Schwartz has no remedy under state law in view of the New Mexico Tort Claims Act.  [Doc. 6-3 at 1, ¶ 5]

The New Mexico Tort Claims Act (NMTCA), NMSA 1978, § 41-4-1, *et seq.*, preserves the immunity of state employees from liability for torts except as provided by specific waivers of immunity, § 41-4-4(A).  The NMTCA does not contain a waiver of immunity applicable to the NMMB, its members, or its employees and agents.  The immunity of the NMMB's members, employees and agents is reinforced by NMSA 1978, § 61-6-34(A), which provides an express grant of immunity from liability for "any action or omission undertaken or performed within the scope of the boards's duties."

To the extent that Dr. Schwartz's state law claims are based upon the dissemination of the reversed decision by Defendants acting within the scope of their duties as members, employees, or agents of the NMMB, Counts 1, 2 and 3 will be dismissed based upon sovereign immunity.

3. **Liability Pursuant to 42 U.S.C. § 1985**

42 U.S.C. § 1985 provides remedies for certain conspiracies interfering with civil rights. Subsection 1985(1) clearly has no application Dr. Schwartz's claims. The first two clauses of Subsection 1985(2) apply only to conspiracies interfering with federal courts, and are therefore inapplicable to Dr. Schwartz's claims. 3. Joseph G. Cook & John L. Sobieski, *Civil Rights Actions* ¶¶ 13.08 [A] [B] (2010). The last two clauses of Subsection 1985(2) and all of Subsection 1985(3) are limited to conspiracies motivated by class based animus. *Id.*, ¶¶ 13.08[C] [D], 13.09[A]; *Dees v. Wilson*, 13 F.3d 405, 1993 WL 537746 *1 (10th Cir. 1993). The FAC does not allege the requisite class based animus. At most, it alleges personal animosity toward Dr. Schwartz, individually. For the foregoing reasons, the FAC will be dismissed to the extent it seeks relief pursuant to 42 U.S.C. § 1985.

4. **Judicial and Prosecutorial Immunity**

The Tenth Circuit Court of Appeals has held that a NMMB hearing officer and prosecutor are entitled to absolute immunity from liability for money damages for acts made in the exercise of judicial or prosecutorial discretion. *Guttman v. Khalsa*, 446 F.3d 1027, 1033-34 (10th Cir. 2006). The Court is not persuaded that Defendants necessarily are entitled to absolute immunity on the allegations of the FAC. Specifically, it is not clear to the Court that the dissemination of the reversed findings to third parties as alleged by Dr. Schwartz necessarily is a judicial or prosecutorial function as opposed to an administrative function. *See Stein v. Disciplinary Board of the Supreme Court of New Mexico*, 520 F.3d 1183, 1190-91 (10th Cir. 2008) (distinguishing between prosecutorial and administrative duties of Chief Disciplinary counsel); *Mishler v. Clift*, 191 F.3d 998 (9th Cir. 1999) (observing that act of responding to inquiry from sister medical board is an administrative function falling outside the protections of

absolute immunity). Accordingly, Defendants' motion to dismiss on grounds of absolute immunity will be denied.

**CONCLUSION**

Defendants' Motion to Dismiss [Doc. 24] will be granted in part and denied in part.

**IT IS THEREFORE HEREBY ORDERED** that Defendants' Motion to Dismiss is **granted in part** and that Counts 1, 2, and 3 of the First Amended Complaint are dismissed to the extent these Counts assert claims against Defendants for carrying out their duties as members, employees or agents of the New Mexico Medical Board;

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is **granted in part** and that the First Amended Complaint is dismissed to the extent it seeks relief pursuant to 42 U.S.C. § 1985;

**IT IS FURTHER ORDERED** that Defendants Motion to Dismiss is **denied** to the extent it seeks dismissal of Plaintiffs' federal claims on the ground of absolute judicial or prosecutorial immunity.

So ordered this 16th day of March, 2011.

M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE