IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


GEORGE ROBERT SCHWARTZ, M.D.,

       Plaintiff,

v.                                             CIV 10-095 MCA/KBM

GURU TEBATH SINGH KHALSA,
PAUL KOVNAT, M.D., STEVEN
WEINER, M.D., and JOHN DOES 1-10,

       Defendants.


## ORDER DENYING LIMITED DISCOVERY

THIS MATTER is before the Court on Plaintiff's Motion for Court Order to Allow Limited Discovery *(Doc. 46)*. Having reviewed the parties' submissions, I find that oral argument is unnecessary. I find the motion is not well-taken, and it will be denied.

### I.  Factual Background

The instant litigation was brought by Dr. Schwartz for fraud, conspiracy, and tortious interference with business relations. *See Doc. 6.* The claims are based upon the Defendants' alleged distribution of a document detailing "findings of fact" made during the course of an administrative action in which Dr. Schwartz' license to practice medicine in New Mexico was revoked. *See id.* at 2.  Dr.

Schwartz alleges that the Defendants wrongfully failed to advise the various recipients of the "findings of fact" document, including but not limited to the medical boards of other states in which Dr. Schwartz was licensed to practice medicine, that the New Mexico administrative decision to revoke Dr. Schwartz' medical license had been overturned. *See id.*

After the completion of briefing on Defendants' motion seeking dismissal with prejudice based on qualified immunity, *see Docs. 39-45*, Dr. Schwartz filed the instant motion requesting limited discovery "regarding the Pennsylvania Medical Board and the New York Medical Board," *see Doc. 46*. Dr. Schwartz contends that "such limited discovery will demonstrate that the sworn affidavits of Ms. Lynn Hart and Mr. Guru Khalsa . . . offer false information" and somehow "misrepresent[] what was sent to the Medical Boards of Pennsylvania and New York." Dr. Schwartz does not specifically identify the proposed discovery or explain its relevance to the qualified immunity issue. *See Doc. 46.*

## II. Legal Standard

Rule 56(d) requires a party opposing summary judgment to specify reasons, in the form of an affidavit, why it cannot present facts essential to justify its opposition. *See* FED. R. CIV. P. 56(d). While the affidavit "need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot

2

be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts." *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (referring to Rule 56(f) which was recodified as Rule 56(d) by amendments effective December 1, 2010).

Whereas pro se litigants are entitled to a liberal reading of their pleadings, Rule 56(d) applies to pro se litigants with equal force. *See, e.g., Thomas v. Frech*, 400 Fed.Appx. 315, 320 (10th Cir., Oct. 12, 2010) (unpublished) (finding no abuse of discretion where magistrate judge denied a Rule 56(f) request for continuance and the plaintiff "ha[d] not identified a single probable fact in his brief that he could have discovered from defendants that would have rebutted their motion for summary judgment"); *Abdulhaseeb v. Calbone*, 600 F.3d 1301 (10th Cir. 2010) (holding that "while pro se litigants are entitled to a liberal reading of their filings, they still must follow the established procedures governing Rule 56(f) motions" (citations omitted)). *Cf. DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (finding no abuse of discretion in deciding summary judgment motion, which asserted qualified immunity, before discovery was completed based on pro se plaintiff's failure to file a Rule 56(f) affidavit).

Qualified immunity is a defense that "protects public officials not only from liability, but from the burdens of discovery and litigation as well." *DiCesare v.*

*Stuart*, 12 F.3d 973, 979 (10th Cir. 1993). "Until this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

### III.    Analysis

Even considering all of Dr. Schwartz' efforts to obtain additional discovery, he has not met the requirements FED. R. CIV. P. 56(d). Dr. Schwartz' initial motion for discovery does not include the required affidavit or declaration under penalty of perjury. It also fails to sufficiently identify the discovery or information sought, the reasons he has not previously been able to obtain it, or the way in which it is relevant to the Defendants' motion seeking to dismiss the case on grounds of qualified immunity. *See Doc. 46* (stating only that additional discovery would "demonstrate that the sworn affidavits of Ms. Lynn Hart and Mr. Guru Khalsa . . . offer false information").

In reply, Dr. Schwartz states only that "the discovery requested is highly focused and relevant to this case." *See Doc. 48*. Although Dr. Schwartz asserts that his appended declaration "clarifies the material which discovery can be expected to demonstrate," *see Doc. 48*, the "appended declaration" is not in a form required by the Rule, *see Doc. 49*. Moreover, Dr. Schwartz does not identify what "limited discovery" he proposed to conduct, whether it is the submission of

interrogatories, depositions, requests for admissions, or requests for production. *See Doc. 49*. Similarly, Dr. Schwartz fails to explain why he has been unable to obtain the information he seeks[1] or how the facts he hopes to discover would aid in his opposition to the Defendants' pending motion asserting qualified immunity. *See id.*

Only after a Notice of Completion of Briefing was filed, *see Doc. 51*, Dr. Schwartz submitted a "Supplemental Response to Defendants' Response to Plaintiff's Request for Limited Discovery," *see Doc. 52*. This is not proper. Motion practice grants the movant a right to submit a reply brief, but further filings require leave of court. *See* D.N.M.-LR 7.4. Dr. Schwartz, having failed to obtain leave, is not entitled to the Court's consideration of his "Supplemental Response." Moreover, even if the Court were to consider Dr. Schwartz' affidavit submitted together with his "Supplemental Response," the information required by Rule 56(d) is not provided.

Wherefore,

---

[1] As Defendants point out, Dr. Schwartz has previously deposed both Lynn Hart and G.T.S. Khalsa on the issue in an associated state-court proceeding. *See Doc. 47* at 3.

**IT IS HEREBY ORDERED** that Plaintiff George Robert Schwartz, M.D.'s Motion for Court Order to Allow Limited Discovery (*Doc. 46*) is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE