

FILED
At Albuquerque NM

SEP 1 2 2011

MATTHEW J. DYKMAN
CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE R. SCHWARTZ, M.D.,

    Plaintiff,

vs.                                               No. 10-CV-00095 MCA/KBM

GURU TERATH SINGH KHALSA,
PAUL KOVNAT, M.D., STEVEN
WEINER, M..D

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants Guru Terath Singh Khalsa, Paul Kovnat, M.D., and Steven Weiner M.D.'s *Motion to Dismiss on Ground of Qualified Immunity and for Summary Judgment.* [Doc. 39].

## BACKGROUND

Plaintiff, George R. Schwartz, M.D., is a physician, formerly licensed to practice medicine in California, New Jersey, New Mexico, New York, and Pennsylvania. Dr. Schwartz appears to have had a long career in medicine. [Doc. 6-3] In 2005, the New Mexico Medical Board ("NMMB") served Dr. Schwartz with a Notice of Contemplated Action alleging that he had committed acts of unprofessional or dishonorable conduct, see NMSA 1978, § 61-6-15(D), including failure to account for controlled substances and improper prescription of controlled substances. [Doc. 39-1] Following an evidentiary hearing before a hearing officer, the NMMB revoked Dr. Schwartz's license to practice medicine in its March 31, 2006 Findings of Fact,

Conclusions of Law, and Decision and Order ("the Decision"). [Doc. 39-2] Defendants Paul Kovant, M.D. and Steven Weiner, M.D., were members of the NMMB at the time; Defendant G.T.S. Khalsa was the NMMB's Administrative Prosecutor.

Plaintiff appealed the Decision in accordance with NMSA 1978, § 61-1-17. He apparently did not apply for a stay of the decision, pursuant to NMSA 1978, § 61-1-19, and on April 7, 2006, the NMMB reported his license status as "Revoked." [Doc. 39-3 at 2] On November 2, 2007, a state district court reversed the Decision, ruling that the procedures employed by the NMMB denied Dr. Schwartz of the right to be represented by counsel "rendering the hearing structurally defective and tantamount to a denial of due process." [Doc. 39-4 at 3] The state district court remanded the case to the NMMB for a new hearing at which he could be represented by retained counsel. Beginning on November 27, 2007, the NMMB reported Dr. Schwartz's license status as "Active." [Doc. 39-3 at 2] The remand did not terminate with a second hearing. Instead, the NMMB and Dr. Schwartz, now represented by counsel, entered into a June 27, 2008 Agreed Order by which the pending disciplinary charges were dismissed with prejudice and he agreed to surrender his New Mexico license and not practice medicine or seek an active license to practice medicine anywhere in the United States. [Doc. 39-6] The Agreed Order provided that it would be reported to the National Practitioner Data Bank and the Healthcare Integrity and Protection Data Bank.[1] [*Id.* at 2] Beginning on June 30, 2008, the NMMB reported Dr. Schwartz's license status as "Voluntary Surrender." [Doc. 39-3 at 2]

---

[1]This reporting was mandatory under federal law. 45 C.F.R. §§ 60.8(a)(3); 61.7(a)(2).

2

In his First Amended Complaint ("FAC"), Plaintiff alleges that Defendants have proceeded as if the Decision had not been set aside by the state court, disseminating certified copies of the reversed decision to the medical boards of other states in which he was licensed to practice medicine. [Doc. 6,¶¶ 9, 10, 11, 23, 24 25, 28, 34] He alleges that based on their receipt of the Decision, the medical boards of the other states in which he was licensed--California, New Jersey, New York, and Pennsylvania--engaged in reciprocal disciplinary action, revoking his license to practice medicine in each of these states. [Doc. 6, ¶¶ 11, 24, 25, 35] Plaintiff also alleges that his professional reputation has been damaged such that he no longer is employable as an expert witness. [Doc. 6, ¶¶ 14, 38]

This Court previously dismissed the bulk of Plaintiff's FAC for failure to state a claim. [Doc. 37] The Court, however, declined to dismiss the FAC to the extent it asserted a claim pursuant to 42 U.S.C. § 1983, concluding that on the allegations of the FAC the Defendants were not necessarily entitled to absolute immunity. [Doc. 37 at 6-7] In the instant motion, Defendants challenge the factual basis for Dr. Schwartz's § 1983 claim, asserting that on the undisputed facts "[n]one of the named Defendants ever sent a copy of the decision or related documents to any licensing board in any other state or caused anyone else to do so." [Doc. 39 at 9]

**SUMMARY JUDGMENT STANDARDS**

Fed. R. Civ. P. 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  As our Circuit has succinctly stated:

> A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented.

*Adamson v. Multi Community Diversified Serv., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). "The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment." *Breyers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). "It is not [the court's] province at the summary judgment stage to weigh the evidence or to make credibility determinations." *Sanders v. Southwestern Bell Telephone, L.P.*, 544 F.3d 1101, 1105-06 (10th Cir. 2008).

A motion for summary judgment based on qualified immunity involves a two-pronged inquiry:  (1) whether the defendant violated a federal constitutional or statutory right and (2) whether the right in question was clearly established. *Hinton v. City of Elwood, Kansas*, 997 F.2d 774, 779-80 (10th Cir. 1993). A court reviewing a claim of qualified immunity may consider the two prongs of the qualified immunity analysis in the order that the court in its sound discretion deems most appropriate. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). The Court will focus on the first prong--whether Dr. Schwartz has come forward with evidence establishing a genuine issue of material fact that his rights were violated under existing law.

## DISCUSSION

The Court understands Dr. Schwartz to be alleging a "stigma plus" violation.  "'Stigma plus' refers to a claim brought for injury to one's reputation (the stigma) coupled with the deprivation of some 'tangible interest' or property right (the plus) without adequate process."

4

*DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003) (addressing physician's stigma plus claim based upon allegedly defamatory statements made by Commissioner of New York Department of Health in press releases). In the Tenth Circuit, to establish a stigma plus claim Plaintiff must prove that (1) the Defendants made statements that impugn his good name, reputation, honor or integrity; (2) the statements were false; (3) the statements have foreclosed him from obtaining employment; (4) the statements were published. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1154 (10th Cir. 2001). In the FAC, Dr. Schwartz alleges that Defendants published defamatory statements by sending certified copies of the Decision to the medical boards of California, New Jersey, New York, and Pennsylvania, without also informing these out-of-state medical boards that the Decision had been set aside by a state district court.

Each Defendant has filed an affidavit categorically denying that he sent the Decision or caused the Decision be sent to any out of state medical board. [Docs. 39-8; 39-9; 39-10] Defendants' affidavits are sufficient to make out a prima facie case of entitlement to summary judgment on the essential element of publication.

In his response, Dr. Schwartz failed to come forward with evidence establishing a genuine issue of material fact with respect to the element of publication. His response consists entirely of argument, unsupported by any evidence [Doc. 40]. Following the close of briefing on Defendants' motion [Doc. 42], Plaintiff filed a "Supplemental Response" [Doc. 43] (without first seeking leave of the Court as required by D.N.M. LR-Civ. 7.4(b)); a motion for leave to conduct limited discovery [Doc. 46]; and a Declaration to Support Plaintiff's Request to Invoke Provisions of Federal Rules of Civil Procedure 56(d) [Doc. 49]. The request for limited discovery was denied

by the Court [Doc. 53].

The only proffered evidence in the record before the Court responsive to Defendants' affidavits is an excerpt from the deposition in another case of Jenny Felmley, a former NMMB employee, which Plaintiff attached as an exhibit to his Supplemental Response [Doc. 43 at 2-4]. Although Ms. Felmley testified that she was "certain" that she sent out the Decision, she had no specific recollection of sending the Decision to any particular out-of-state medical board. In any event, Ms. Felmley's testimony is insufficient to create a genuine issue of material fact under Dr. Schwartz's theory of his case–*i.e.*, that Defendants sent the Decision to out-of-state medical boards *after* it had been reversed by the state district court. According to Plaintiff, the conspiracy to harm him was "hatched" by Defendants during a closed meeting of the NMMB in March 2008. [Doc. 40 at 1] Ms. Felmley testified that she left her position with the NMMB in July 2007, several months *prior to* the state district court's November 2, 2007 order reversing the Decision [44-1 at 2], and many months prior to the March 2008 inception of the alleged conspiracy. Therefore, she could not have sent out the Decision to anyone *after* it was reversed, nor could she have acted in furtherance of a conspiracy that was not "hatched" until months after she left her job with the NMMB. Further, Dr. Plaintiff has not come forward with evidence that Defendants were responsible for Ms. Felmley's conduct. During Ms. Felmley's deposition, Dr. Schwartz asked her "who instructed you to send out the findings?" [Doc. 43 at 7] The NMMB's attorney objected on the ground that the question was compound. [*Id.*] In response to the objection, Dr. Schwartz established a foundation by asking if the findings had been sent out, but did not follow up with the second part of the inquiry– *i.e.*, *who instructed her* to send out the

6

findings? Thus, the deposition excerpts cited by Plaintiff and provided to the Court do not establish that Ms. Felmley acted on Defendants' instructions.

Plaintiff has failed to establish that Defendants violated his federal Constitutional or statutory rights.

## CONCLUSION

Defendants have made out a prima facie case of entitlement to summary judgment on the essential element of publication, which Dr. Schwartz has failed to rebut. Dr. Schwartz' failure to satisfy the first prong of the qualified immunity standard renders it unnecessary for the Court to reach the second prong of the standard. Defendants are entitled to judgment in their favor as a matter of law.

**IT IS THEREFORE HEREBY ORDERED** that Defendants' *Motion to Dismiss on Ground of Qualified Immunity and for Summary Judgment.* [Doc. 39] is granted and that Plaintiff's claim pursuant to 42 U.S.C. § 1983 is dismissed with prejudice.

**IT IS FURTHER ORDERED** that this action is dismissed with prejudice.

So ordered this 12th day of September, 2011.

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE